GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:   ALEXANDER J. WILSON
      Assistant United States Attorney
      One Saint Andrew's Plaza
      New York, New York 10007
      Tel. (212) 637-2453

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | VERIFIED COMPLAINT FOR FORFEITURE |
| -v.- | |
| ONE 2007 JEEP PATRIOT BEARING VEHICLE IDENTIFICATION NUMBER 1J8FF28W27D342008 | 19 Civ. 3677 (___) |
| and | |
| $10,032.00 IN UNITED STATES CURRENCY, | |
| Defendants in Rem. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff United States of America, by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, for its verified civil complaint, alleges, upon information and belief, as follows:

### I. JURISDICTION AND VENUE

1.   This action is brought pursuant to 21 U.S.C. § 881 by the United States of America seeking the forfeiture of $10,032.00 in United States currency (the "$10,032") and one 2007 Jeep Patriot, VIN # 1J8FF28W27D342008 (the "Jeep").

2.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3. Venue is proper under 28 U.S.C. § 1355(b)(1)(A), because acts giving rise to the forfeiture occurred in the Southern District of New York.

4. Both the $10,032 and the Jeep were seized by the U.S. Drug Enforcement Administration ("DEA") on July 10, 2014 in connection with the arrest of Michael Maldonado and others for conspiracy to distribute and possess with intent to distribute a controlled substance. The $10,032 is currently held in the Seized Asset Deposit Fund Account maintained by the United States Marshals Service ("USMS"). The Jeep is likewise in the custody of the USMS.

5. The $10,032 constitutes moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by a person in exchange for a controlled substance or listed chemical in violation of Title 21, Chapter 13, Subchapter I, of the United States Code, and/or property traceable thereto and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

6. The Jeep constitutes a conveyance, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or listed chemical and is thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## II.  PROBABLE CAUSE FOR FORFEITURE

7. On or about September 9, 2014, a federal Grand Jury, sitting in the Southern District of New York, returned an indictment charging Nunzio Gentille, Michael Maldonado and others of conspiracy to distribute a controlled substance in violation of Title 21, United States Code, Section 846 (the "Indictment"). A true and correct copy of the Indictment is attached hereto as Exhibit A and fully incorporated by reference herein.

8. On or about March 24, 2015, Maldonado pled guilty before the Court to Count One of the Indictment, and on or about November 24, 2015 the Court entered Judgment in a Criminal Case committing Maldonado to thirty months of imprisonment. All four of Maldonado's co-defendants likewise pled guilty, after which the Court entered Judgments committing Nunzio Gentille to sixty months of imprisonment, Bolivar Vasquez to one year and one day of imprisonment, David Iwaszek to one year and one day imprisonment, and Josette Lebron to time served.

9. The charges arose from a 2014 DEA investigation into a drug distribution organization (the "DTO") based in Maspeth, New York run by Gentille. The DTO distributed the controlled substance methylone (known by its street name "molly"), as well as cocaine, marijuana, and other drugs, throughout all five boroughs of New York City.

10. The DTO operated through a text messaging system which required a purchaser to send a text message to one or more cellular telephones associated with the DTO. This text message would include some or all of the following information: (1) the customer's address, and (2) the controlled substance the customer sought to purchase.

11. The DTO would then deploy one member from its group of drivers to deliver the narcotics to the address provided by the customer and to collect the customer's payment. The drivers used vehicles associated with the DTO. The Jeep, which was registered to Maldanado, was one of the vehicles used by members of the DTO utilize to deliver narcotics to customers throughout New York City. For example, on or about May 30, 2014, law enforcement agents observed Maldonado operating the Jeep to deliver narcotics to a customer in Brooklyn, New York.

12. The DTO operated in part out of 5468 46th Street in Maspeth, New York (the "Stash House"), where Maldonado resided on the first floor. On or about July 10, 2014, the DEA Agents executed a search warrant for the first and second floors of the Stash House. During the search of the first floor, the DEA Agents located and seized $10,032.00 in United States currency inside a dresser.

13. During the same search, the DEA Agents located and seized the Jeep in the vicinity of the Stash House. During the inventory search of the Jeep, the DEA Agents discovered a small plastic bag containing marijuana in the right rear passenger door of the vehicle.

### III. CLAIMS FOR FORFEITURE

### CLAIM ONE
### Forfeiture Under 21 U.S.C. § 881(a)(6)
### (Proceeds of an Exchange for a Controlled Substance or Proceeds Traceable to Such an Exchange)

14. Paragraphs 1 through 13 of this Complaint are repeated and re-alleged as if fully set forth herein.

15. Pursuant to 21 U.S.C. § 881(a)(6), all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Title 21, Chapter 13, Subchapter I, of the United States Code – which includes 21 U.S.C. § 846 – and all proceeds traceable to such an exchange, are subject to seizure and forfeiture to the United States.

16. By reason of the foregoing the $10,032 in United States currency are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person

4

in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, and/or constitute proceeds traceable to such an exchange.

## CLAIM TWO
### Forfeiture Under 21 U.S.C. § 881(a)(4)
### (Vehicle Used to Facilitate Controlled Substance Transaction)

17. Paragraphs 1 through 13 of this Complaint are repeated and re-alleged as if fully set forth herein.

18. Pursuant to 21 U.S.C. § 881(a)(4), all conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1), (2), or (9) of 21 U.S.C. § 881(a) are subject to seizure and forfeiture to the United States.

19. The property described in 21 U.S.C. § 881(a)(1) includes "controlled substances which have been manufactured, distributed, dispensed, or acquired in violation of [Title 21, Chapter 13, Subchapter I, of the United States Code]."

20. By reason of the foregoing, the Jeep is subject to forfeiture to the United States because it constitutes a conveyance, which includes a vehicle, which was used, or was intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances in violation of 21 U.S.C. § 846, and is thus subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the Defendants in Rem and that all persons having an interest in the Defendants in Rem be cited to appear and show cause why the forfeiture should not be decreed,

and that this Court decree forfeiture of the Defendants in Rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York, New York
April 24, 2019

                                  GEOFFREY S. BERMAN
                                  United States Attorney for the
                                  Southern District of New York
                                  Attorney for the Plaintiff
                                  United States of America

By: _____
      ALEXANDER J. WILSON
      Assistant United States Attorney
      One St. Andrew's Plaza
      New York, New York 10007
      Telephone: (212) 637-2453

## VERIFICATION

STATE OF NEW YORK        )
COUNTY OF NEW YORK       :
SOUTHERN DISTRICT OF NEW YORK )

DAVID C. BROWN, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration (the "DEA"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information on the ground of his belief are official records and files of the DEA, information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Titles 18 and 21 of the United States Code.

DAVID C. BROWN
Special Agent
Drug Enforcement Administration

Sworn to before me this
22nd day of April, 2019

_____
NOTARY PUBLIC

JANICE ENG
Notary Public, State of New York
No. 01EN4825375
Qualified in Nassau County
Commission Expires December 31, 2021

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

NUNZIO GENTILLE,
MICHAEL MALDANADO,
JOSETTE LEBRON,
BOLIVAR VASQUEZ, and
DAWID IWASZEK,

            Defendants.

- - - - - - - - - - - - - - - - - x

INDICTMENT

14 Cr. CRIM 608

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 9 2014

COUNT ONE

The Grand Jury charges:

1. From in or about January 2014 up to and including in or about July 2014, in the Southern District of New York and elsewhere, NUNZIO GENTILLE, MICHAEL MALDANADO, JOSETTE LEBRON, BOLIVAR VASQUEZ, and DAWID IWASZEK, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that NUNZIO GENTILLE, MICHAEL MALDANADO, JOSETTE LEBRON, BOLIVAR VASQUEZ, and DAWID IWASZEK, the defendants, and others known and unknown, would and did distribute and possess with intent to

JUDGE NATHAN

distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3.  The controlled substances that NUNZIO GENTILLE, MICHAEL MALDANADO, JOSETTE LEBRON, BOLIVAR VASQUEZ, and DAWID IWASZEK, the defendants, conspired to distribute and possess with intent to distribute were: (1) mixtures and substances containing a detectable amount of methylone, commonly referred to as "molly," in violation of Title 21, United States Code, Section 841(b)(1)(C); (2) mixtures and substances containing a detectable amount of cocaine in violation of Title 21, United States Code, Section 841(b)(1)(C); and (3) mixtures and substances containing a detectable amount of marihuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

4.  As a result of committing the controlled substance offenses alleged in Count One of this Indictment, NUNZIO GENTILLE, MICHAEL MALDANADO, JOSETTE LEBRON, BOLIVAR VASQUEZ, and DAWID IWASZEK, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the offense and any and all property used or intended to be used in any manner or part to commit and to facilitate the

commission of the offense alleged in Count One of this Indictment.

## SUBSTITUTE ASSETS PROVISION

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 853)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

NUNZIO GENTILLE,
MICHAEL MALDANADO,
JOSETTE LEBRON,
BOLIVAR VASQUEZ, and
DAWID IWASZEK

Defendants.

INDICTMENT

14 Cr.

(21 U.S.C. §§ 846 and 853.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

9/9/14 — This Ind. Post 11-1-87 this case is Assigned to Judge Nathan for all purposes.
 — Mag Judge Pohorelsky